U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 AUG 28 PM 12:36

CLERK
BY AL
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA )
)
v. )
) No. 2:25-cr-87-1
NORMA LINDA LOZANO, a.k.a. )
"NORMA LINDA QUINTANILLA LOZANO," )
)
)
Defendant. )

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Commit Alien Smuggling)

**The Conspiracy**

1. Between in or about February 2024, and continuing through in or about November 2024, in the District of Vermont, and elsewhere, the defendant, NORMA LINDA LOZANO, a.k.a. "NORMA LINDA QUINTANILLA LOZANO," and others whose names are known and unknown to the Grand Jury, knowingly and intentionally agreed and conspired to commit an offense otherwise defined in 8 U.S.C. § 1324(a)(1)(A)(i), specifically alien smuggling, by, knowing that one or more person were aliens, bringing and attempting to bring to the United States in any manner whatsoever such persons at a place other than a designated port of entry.

**Manner and Means of the Conspiracy**

2. NORMA LINDA LOZANO, together with others, participated in an alien smuggling organization that brought and attempted to bring individuals who were not citizens of the United States (hereinafter referred to as "aliens") illegally from Canada to the United States.

3. The aliens were nationals of Guatemala, Honduras, Mexico, and El Salvador. The

1

alien smuggling organization directed, instructed, and facilitated the aliens to cross the border between the United States and Canada between ports of entry and without inspection by immigration officers.

4. NORMA LINDA LOZANO coordinated with co-conspirators in Canada to pick up aliens at predetermined locations after the aliens crossed into the United States from Canada. This coordination occurred prior to the aliens crossing the border, while the aliens were still in Canada. NORMA LINDA LOZANO then met the aliens in the United States at or near the border with Canada at the predetermined locations and facilitated their transport further into the United States to residences, public businesses, and airports.

5. The aliens or their families paid money to NORMA LINDA LOZANO and others in the alien smuggling organization to be smuggled to the United States. NORMA LINDA LOZANO negotiated fees with her co-conspirators to effectuate the movement of the aliens prior to the aliens' border crossings. NORMA LINDA LOZANO was paid in exchange for her role in the conspiracy.

### Acts in Furtherance of the Conspiracy

6. In furtherance of the conspiracy, and to effectuate the objects thereof, NORMA LINDA LOZANO and her co-conspirators committed the following acts, among others, in the District of Vermont and elsewhere:

    a. On or about February 11, 2024, NORMA LINDA LOZANO drove from Michigan to Vermont to attempt to pick up aliens who had unlawfully crossed into the United States across its northern border with Canada, outside a designated port of entry and without inspection by immigration officers.

    b. On or about July 17, 2024, NORMA LINDA LOZANO drove from Michigan to Vermont to pick up aliens within the United States near its northern border with

Canada, outside a designated port of entry and without inspection by immigration officers.

c. In connection with the July 17, 2024, smuggling event, one of NORMA LINDA LOZANO's co-conspirators provided the aliens with a map depicting GPS coordinates to assist their border crossing.

d. During the July 17, 2024, smuggling event, NORMA LINDA LOZANO had a five-year-old U.S. Citizen female (hereinafter referred to as "Child 1") with her in the front passenger seat of the vehicle. When United States Border Patrol encountered NORMA LINDA LOZANO, she falsely claimed Child 1 was her granddaughter. At the time of that encounter, NORMA LINDA LOZANO had three adult aliens from Guatemala and El Salvador in the vehicle.

e. On or about November 3, 2024, NORMA LINDA LOZANO drove from Michigan to Vermont to pick up aliens who had unlawfully crossed the northern border between the United States and Canada, outside a designated port of entry and without inspection by immigration officers. NORMA LINDA LOZANO coordinated this travel with co-conspirators located in Canada in advance of the aliens' border crossing.

f. In preparation for this November 3, 2024, smuggling event, one of NORMA LINDA LOZANO's co-conspirators provided certain aliens with a map with GPS coordinates to assist their border crossing.

g. In preparation for this November 3, 2024, smuggling event, one of NORMA LINDA LOZANO's co-conspirators provided NORMA LINDA LOZANO's vehicle description and expected pick up location to the aliens to facilitate their illegal entry.

h. Prior to this November 3, 2024, smuggling event, one of NORMA LINDA LOZANO's Canadian based co-conspirators informed NORMA LINDA LOZANO that two minors would be included in the group of aliens, specifically a young female and young male (hereinafter referred to as "Child 2" and "Child 3").

3

i. Prior to the November 3, 2024, smuggling event, NORMA LINDA LOZANO and a Canadian based co-conspirator also discussed her payment for facilitating the illegal entry and travel of the aliens within the United States, including that NORMA LINDA LOZANO would agree to transport these aliens to various residences and airports for an additional cost.

j. On or about November 3, 2024, NORMA LINDA LOZANO picked up eight aliens, including Child 2 and Child 3, within the United States at or near its northern border with Canada in the District of Vermont, after the aliens had crossed the border outside a designated port of entry and without inspection by immigration officers. The aliens were citizens of Honduras, Guatemala, and Mexico. At the time of her encounter with United States Border Patrol agents, NORMA LINDA LOZANO's vehicle contained eleven occupants, including Child 3, whom law enforcement agents found in the rear seat area, and Child 2, whom law enforcement found in the tailgate area on top of luggage.

(8 U.S.C. §§ 1324(a)(1)(A)(i); 1324(a)(1)(A)(v)(I))

## COUNTS TWO THROUGH SEVEN
## (Bringing Aliens to the United States for Commercial Advantage and Private Financial Gain)

Between in or about October 2024, and on or about November 3, 2024, in the District of Vermont, and elsewhere, the defendant, NORMA LINDA LOZANO, knowing and in reckless disregard of the fact that certain aliens, to wit:

| Count | Alien's Initials |
|-------|------------------|
| 2 | Y.O.G.S. |
| 3 | I.G.R. |
| 4 | J.V.P.S. |
| 5 | O.G.R.R. |
| 6 | G.S.V. |
| 7 | J.T.C. |

had not received prior official authorization to come to, enter, and reside in the United States, brought to the United States in any manner whatsoever, such aliens for the purpose of commercial advantage and private financial gain.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

5

## FORFEITURE

The allegations contained in Counts One through Seven are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 8 U.S.C. § 1324(b)(1).

Upon conviction of a violation of 8 U.S.C. § 1324 as alleged in this Indictment, NORMA LINDA LOZANO shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), the following property:

    a.    Any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense;

    b.    Any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction; and

    c.    Any property, real or personal, used to intended to be used to facilitate the commission of the offense of conviction; and, pursuant to 8 U.S.C. § 1324(b)(1) and 28 U.S.C. § 2461(c), any conveyance, including any vessel, vehicle, or aircraft, that was used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from and/or involved in the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

A TRUE BILL



FOREPERSON

MICHAEL P. DRESCHER (by MMA)
Acting United States Attorney
Burlington, Vermont
August 28, 2025

MATTHEW R. GALEOTTI
Acting Assistant Attorney General
Criminal Division

By: 
Jenna E. Reed
Trial Attorney
Human Rights and Special Prosecutions Section